# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20CR109 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| KEVIN TWYMON, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Kevin Twymon's Motion for Reconsideration of Order of Detention due to Changed Circumstances. (Doc. 117). Defendant also requested a hearing. For the following reasons, Defendant's Motion is **DENIED** in its entirety, without a hearing.

## I. BACKGROUND

On February 26, 2020, a Grand Jury indicted Defendant with one count of Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, a violation of 21 U.S.C. § 846; and one count of Use of a Communications Facility to Facilitate a Felony Drug Offense, a violation of 21 U.S.C. § 843(b). (Doc. 16). On March 6, 2020, Magistrate Judge Greenberg held a Detention Hearing. Based on the hearing, the Magistrate Judge found that:

> [T]he testimony and information submitted at the detention hearing establish[ed] by clear and convincing evidence…that based upon the instant case, Defendant's prior arrests and convictions, his substance abuse history, his violent behavior history and history of weapons use, and a pattern of similar criminal activity, no condition or combination of conditions exist that would reasonably ensure the safety of the community.

(Doc. 66, PageID: 421) (the "Detention Order").

On April 13, 2020, Defendant filed his Motion.  (Doc. 117).  The Government responded on April 16, 2020 asking the Court to deny Defendant's request.  (Doc. 122).

## II. LAW & ANALYSIS

Defendant asks the Court to reconsider the Detention Order due to changed circumstances.  A district court *may* reopen a detention hearing based on changed circumstances.  18 U.S.C. § 3142(f)(2)(B).  However, the new information must 1) have been unknown to the movant at the time of the hearing; and 2) have "a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community."  *United States v. Watson*, 475 Fed. App'x 598, 600 (citing § 3142(f)(2)(B)).  "In other words, the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community."  *Id.*

Defendant argues that "[t]he outbreak of Coronavirus combined with [Defendant's] pre-existing medical conditions constitutes a significant change in circumstances and compels reconsideration of the detention issue."  (Doc. 117, PageID: 587).  Defendant claims that, due to his prior health condition of high blood pressure, he is at a greater risk of complications should he contract COVID-19.  Defendant also argues reconsideration is warranted due to the general memorandum of the Attorney General.  (*See* Doc. 117-1).  Finally, in one sentence, Defendant claims there are a "combination of measures including house arrest with electronic monitoring that can assure his appearance and protect the public."  (Doc. 117, PageID: 589).

The only changed circumstance that Defendant cites since the Detention Hearing is COVID-19.  The Court understands the general risks that COVID-19 presents to certain

populations, including those is jails and prisons. But courts throughout the country "have held that these risks, without more, do not amount to a 'material change of circumstances warranting a renewed evaluation of [a] prior detention order." *United States v. Tawfik*, 2020 WL 1672655, at *2 (E.D. Mich. Apr. 6, 2020) (citing cases finding same). The existence of COVID-19 in our country does not have an impact on Defendant's flight risk or danger to the community. As the Magistrate Judge found, Defendant has a prior criminal history involving violence, drug offenses and possession firearms, a history of failing to appear to court events, and a history of abusing narcotics. These findings remain true despite COVID-19 and Defendant has not argued otherwise.

Defendant's proposed relief is to stay at his family's home under GPS monitoring. Not only was the option available to the Magistrate Judge at the time of Detention Hearing, Defendant fails to appreciate the burden such relief would place on Pretrial Services. Moreover, jail officials are taking the necessary precautions to stop the introduction and spread of COVID-19 at the facility.[1] (Doc. 122, PageID: 620-22). Defendant's past diagnosis of high blood pressure does not change the Court's analysis. Defendant has not alleged he is receiving inadequate care at the facility. *Tawfik*, 2020 WL 1672655, at *3. Furthermore, "health problems alone do not necessarily mean that a defendant does not pose a flight risk or a risk of danger to others." *United States v. Dimora*, 2012 WL 1409396, at *4 (N.D. Ohio Apr. 23, 2012). Finally, the Attorney General's memorandum directs prosecutors to exercise their discretion in pretrial bond decisions. Not only is this inapplicable to a Court's decision, but the memorandum still

---

[1] As of April 19, 2020, Northeast Ohio Correctional Center—the facility where Defendant is currently detained—has reported that no inmates have contracted COVID-19. (https://drc.ohio.gov/Portals/0/DRC%20COVID-19%20Information%2004-19-2020%20%201305.pdf) (last accessed Apr. 20, 2020). While the institution is in lockdown, this appears to be a precautionary measure due to one of the institution's contractors testing positive for the virus.

- 4 -

recognizes the importance of protecting the public.  As discussed, Defendant remains a threat to public safety.

Accordingly, since the new information of COVID-19 neither reasonably assures Defendant's appearance at trial nor the safety of others in the community, the Court declines to reopen the detention hearing and upholds the Magistrate Judge's Detention Order.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion (Doc. 117) is **DENIED**.

**IT IS SO ORDERED.**

                                                  s/ Christopher A. Boyko
                                                  **CHRISTOPHER A. BOYKO**
                                                  **Senior United States District Judge**

**Dated: April 20, 2020**